IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03458-GPG

TERRY BETTS,

    Plaintiff,

v.

STATE OF COLORADO, and
BRANDON SHAFFER, In His Official Capacity as Chair of the Colorado State Board of
    Parole, and In His Individual Capacity,

    Defendants.

---

ORDER OF DISMISSAL

---

Plaintiff, Terry Betts, is in the custody of the Colorado Department of Corrections (CDOC) at the Centennial Correctional Facility in Canón City, Colorado. He has filed a Prisoner Complaint (ECF No. 1), pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

Mr. Betts has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsections (e)(2)(B)(i) and (iii) of § 1915 require a court to dismiss *sua sponte* an action at any time if the action is frivolous or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe Mr. Betts' Complaint liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, this

action will be dismissed.

In the Prisoner Complaint, Mr. Betts alleges that his state parole was revoked unlawfully on September 28, 2013, and he was reincarcerated. According to Plaintiff, he filed a motion seeking relief from an unlawful parole revocation in the state district court, which the state court granted. Mr. Betts was released on March 17, 2014, after spending 136 days in prison. Plaintiff now sues the Defendants seeking damages for an allegedly unconstitutional parole revocation proceeding that resulted in his reincarceration.

Mr. Betts' § 1983 claims against the State of Colorado, and against Brandon Shaffer in his official capacity as chairman of the Colorado State Board of Parole,[1] are barred by the Eleventh Amendment. Eleventh Amendment immunity extends to states that have not waived their immunity, and to state officials, sued in their official capacities, regardless of the relief sought. *Edelman v. Jordan*, 415 U.S. 651, 664-69 (1974)*; Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252-53 (10th Cir. 2007); *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir.1998). Congress did not abrogate Eleventh Amendment immunity through Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Accordingly, the State of Colorado and Defendant Shaffer, sued in his official capacity, are improper parties to this action and will be dismissed. Because the Eleventh Amendment involves sovereign immunity, the claims against those Defendants will be dismissed without prejudice. *See Shue v. Lampert*, No. 14-8042, 580 F. App'x 642, 644 (10th Cir. Sept. 4, 2014) (unpublished) (citing

---

[1]Suits against state officials in their official capacities are construed as suits against the State. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

*Pettigrew v. Okla. ex rel. Okla. Dep't of Pub. Safety*, 722 F.3d 1209, 1212 (10th Cir. 2013) ("[I]mplicit in enactment of the Eleventh Amendment is that state sovereign immunity ordinarily bars federal-court jurisdiction over private suits against a state by citizens of the state.")).

Mr. Betts also sues Defendant Shaffer in his individual capacity.  However, 'members of a parole board have absolute immunity "from damages liability for actions taken in performance of the [b]oard's official duties regarding the granting or denying of parole."'  *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992) (quoting *Knoll v. Webster*, 838 F.2d 450, 451 (10th Cir. 1988)).  *See also Boles v. Newth*, No. 11-1510, 479 F. App'x 836, 843 (10th Cir. May 8, 2012) (unpublished) (same).

Any actions taken by Defendant Shaffer in conjunction with the parole revocation proceeding of which Plaintiff complains were in the performance of Defendant Shaffer's official duties.  As such, Defendant Shaffer, sued in his individual capacity, is entitled to absolute immunity from suit under § 1983.  Accordingly, it is

ORDERED that the § 1983 claims against the State of Colorado and against Brandon Shaffer, in his official capacity, are DISMISSED WITHOUT PREJUDICE.  The § 1983 claims against Defendant Shaffer, in his individual capacity, are DISMISSED WITH PREJUDICE, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).  It is

FURTHER ORDERED that this action is DISMISSED in its entirety. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Betts files a notice of appeal he must also pay the

full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED February 5, 2015, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court